**United States District Court**

For the Northern District of California

1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8

9    LOUIS MICHAEL PALUZZI,                    No. C 06-801 SI (pr)

10              Petitioner,                    **ORDER TO SHOW CAUSE**

11        v.

12   A. P. KANE, warden,

13              Respondent.

14   ————————————————————————/

15                          **INTRODUCTION**

16        Louis Michael Paluzzi, an inmate at the Correctional Training Facility in Soledad, filed

17   this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is

18   now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing

19   Section 2254 Cases.  He paid the filing fee.

20

21                          **BACKGROUND**

22        Paluzzi reports in his petition that he was convicted in 1980 in San Bernardino County

23   Superior Court of second degree murder with a firearm enhancement.  He was sentenced in 1980

24   to a term of  17 years to life in prison.  His petition does not challenge his conviction but instead

25   challenges a decision by the Board of Prison Terms ("BPT") at a September 23, 2003 hearing

26   that found him not suitable for parole.  It appears that state court remedies were exhausted before

27   he filed this action.

28

1

**DISCUSSION**

2        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

5   district court considering an application for a writ of habeas corpus shall "award the writ or issue

6   an order directing the respondent to show cause why the writ should not be granted, unless it

7   appears from the application that the applicant or person detained is not entitled thereto."  28

8   U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

9   vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v.

10  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

11       Paluzzi alleges that the BPT's decision was not supported by sufficient evidence, in

12  violation of his right to due process.  Liberally construed, the petition states a cognizable claim

13  for a due process violation.  See Board of Pardons v. Allen, 482 U.S. 369 (1987); McQuillion

14  v. Duncan, 306 F.3d 895 (9th Cir. 2002).

15

16

**CONCLUSION**

17       For the foregoing reasons,

18       1.      The due process claim in the  petition warrants a response from respondent.

19       2.      The clerk shall serve by certified mail a copy of this order, the petition and all

20  attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

21  of California.  The clerk shall also serve a copy of this order on petitioner.

22       3.      Respondent must file and serve upon petitioner, on or before **June 9, 2006**, an

23  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

24  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the

25  answer a copy of all portions of the parole hearing record that have been previously transcribed

26  and that are relevant to a determination of the issues presented by the petition.

27

28

2

1       4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

2   with the court and serving it on respondent on or before **July 14, 2006**.

3           IT IS SO ORDERED.

4   DATED:  March 14, 2006

_____
SUSAN ILLSTON
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3